GUY E. HUMPHRIES, Jr., Judge.
The plaintiff-appellant, Emile Messina, appeals from a judgment awarding him compensation benefits for a period of only seventeen weeks. The defendants-appellce did not appeal or answer the appeal but appeared before this court and urged it to affirm the decision of the lower court.
The claimant was employed by Colonial Buick Company as a body and fender repair workman. On November 2, 1960, while attempting to straighten out a body frame on an automobile with a special type jack, the jack slipped from under the automobile, struck the claimant and threw him 6 to 8 feet against a wall. The blow from the jack was against his knee and leg. First aid was applied at the body shop and the claimant was taken immediately to the doctor. He reported to work the next day and has continued to work without loss of time due to disability since the accident. His subsequent employment however has been with different employers.
Plaintiff was first treated by Dr. D. M. Ewin of the medical firm of Houston, Roy, Faust & Ewin. Dr. Ewin saw the claimant on 26 occasions from the date of the accident until December 23, 1960 at which time he discharged him stating that the claimant could do a “full squat with ease” but there was “still some soreness at times”. He reported that the claimant was “working O.K.”, and was to return only if there was future difficulty. The claimant never returned to Dr. Ewin. X-rays taken on the date of the accident were negative.
Plaintiff continued to work for Colonial Buick Company until June at which time he was fired from his employment. The record does not reflect that this termination was in anywise due to any disability resulting from the aforementioned accident. After being discharged by Colonial Buick Company the plaintiff worked at three different body shops and at the time of the trial was doing the same type of work he performed prior to the accident. He admitted that he had not lost any time due to disability. He was not able to say that he had suffered any loss of wages due to any disability.
In the lower court the plaintiff contended that he was still having difficulty with his knee and that even though he was working and performing the same type of work that he did prior to the accident, he nevertheless was entitled to full compensation benefits because he was working in pain.
It is our opinion that the learned trial judge correctly evaluated all of the testimony and evidence in the case, and there is no error in the record of which this plaintiff can complain. If anything the trial judge was most liberal in his award.
The plaintiff was examined by Dr. PI. R. Soboloff, orthopaedic surgeon, on April 5, 1961. Dr. Soboloff summed up his opinion after his first examination as follows:
“This man sustained an abduction, external rotation type of injury to the left knee several months ago. He was treated for two months, but continued working. He seemed to get along fairly well, though he still had soreness in the knee. He finds that the weakness persists and he has soreness and aching in the knee, particularly toward the end of an active working day. We *777 find that he has a low grade synovitis in the knee with a weak quadriceps and relaxation of the anterior cruciate ligament. There is no radiological evidence of abnormality. We would like to suggest that the patient be put on quadriceps resistive exercises to strengthen the knee. He should also be given diathermy and ultra sound to the knee to overcome the synovitis and see if he can be properly rehabilitated to the point of overcoming the difficulty in the knee and regaining the strength in the leg.”
The plaintiff was again examined by Dr. Soboloff on October 5, 1961, and at this time Dr. Soboloff concluded as follows:
“The patient said that he was feeling fairly well at this time, and that the soreness he has in the knee appears from time to time and is not as evident at the time of this examination as it usually is, and that he was having very little difficulty as of that moment. However, when he puts stress on the leg for sustained periods, he has difficulty, he says.
“Even though the patient has had no rehabilitation, apparently by normal activity he has been able to rehabilitate himself well enough that we find no specific residual of injury. We therefore feel that he has entirely overcome any synovitis he had in the knee, and we see no contraindication of his return to work.”
The claimant was also examined by Dr. Byron M. Unkauf, also an orthopaedic surgeon, on June 19, 1961, at the request of plaintiffs attorney. Dr. Unkauf suggested that the plaintiff probably had a torn cartilage in the knee joint. He recommended that the plaintiff continue his employment but to report back in six months for determination of permanent disability, if any. A careful reading of Dr. Unkauf’s report does not disclose what findings lead him to make a diagnosis. of a probable torn cartilage. At the time of the examination there was no fluid in the knee joint nor of the quadricep muscles. He had no appreciable increased antero-posterior glide and no medial or lateral instability of the knee joint. He had a range of 180-70 degrees flexion. The doctor could not detect McMurray clicks on rotation of the tibia in the flexed position. Rotation of the tibia at about 90 degrees flexion caused coarse creaking over the medial condyle of the femur. There was a slight patello-femoral crepitation but it was also present in the opposite knee. Pressure over the patella on flexion of the joint was slightly painful. X-rays of the knee were negative for recent fracture or disease. There was no area of osteochondritis dissecans on the condyle and no chondromalacia of the patella was visible. Dr. Unkauf stated that the findings were “not too marked regarding a lesion of this type”.
Dr. George D. B. Berkett, orthopaedic surgeon, examined this man on December 2, 1960. In his report his opinion is as follows :
“This 37 year old employee of Colonial Motors sustained a powerful blow upon the inter-aspect of his left thigh. The force was so great that he states he was thrown a distance of about six feet. Clinical examination of the left lower extremity and of the left knee are essentially negative. Examination of the back fails to reveal objective findings to account for this patient’s present complaint.
“It is my opinion that this patient has recovered completely from the accident he is said to have sustained on November 2, 1960, without residual disability.”
After a repeat examination on June 14, 1961 Dr. Berkett was still of the opinion that the plaintiff had no residual disability from his accident.
In our opinion the medical evidence in this case preponderates in favor of the defendant. Since the defendant did not ap *778 peal or answer the appeal we cannot disturb the judgment that was rendered by the lower court in favor of the plaintiff.
Apparently the plaintiff agrees that the lower court was correct in its findings because he does not complain that the preponderance of the evidence was in favor of the plaintiff but suggests that the matter be remanded for additional evidence. The claimant does not contend that since the trial he has become incapacitated to work nor does he contend that there is any other doctor who has examined the plaintiff that did not testify during the course of the trial.
The contention by the claimant for a remand is based upon the following questions .and answers. (Dr. Soboloff testifying)
“Q. Would it be possible, Doctor, if you saw him several weeks from now and he had the usual stress and strain on the knee that you would again find the synovitic condition?
“A. Yes sir.”
Immediately after this answer was given the doctor was tendered for cross-examination and he was next asked this question:
“Q. Dr. Soboloff, would it also be possible that if you saw Mr. Messina in the next two weeks or next two months that the condition may be the same as it was on the last examination, that is no synovitis, and no weakening of any muscles?
“A. Yes sir.”
The courts will not remand cases under LSA-Code of Civil Procedure Article 2164 upon vague and nebulous possibilities when the case can be properly adjudicated upon the record presented. Blackburn v. Chenet, 42 So.2d 288, (Orl.Ct. of App.1949)
For the above and foregoing reasons the judgment rendered by the lower court is affirmed at the cost of the appellant.
Affirmed.